# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CRIMINAL ACTION NO. 3:06CR-71-S

SHON PATRICK TAYLOR                                             MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                        RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

Movant Shon Patrick Taylor filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 45). The Court reviewed his motion under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts. Upon review, the Court directed Taylor to show cause why his motion should not be dismissed for failure to comply with the statute of limitations. Taylor has now responded to the Court's Show Cause Order. Upon review, for the reasons set forth below, the Court will deny the motion as untimely and dismiss the action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In December 2006, Taylor pleaded guilty to possession with intent to distribute five grams or more of cocaine base and to being a felon in possession of a handgun. A Judgment and Commitment Order was entered on March 12, 2007, sentencing Taylor to 188 months for each count, to be served concurrently, for a total term of 188 months, also to run concurrently with sentences of imprisonment Taylor had received in three cases in Jefferson Circuit Court. Taylor did not file an appeal. On January 11, 2011, Taylor initiated a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) claiming that the plea agreement was void and that his defense counsel provided ineffective assistance. Ruling that 28 U.S.C. § 2255 provides

an exclusive remedy to federal prisoners who challenge the validity of a conviction or sentence, the Court entered a Memorandum and Order on April 8, 2011, giving Taylor thirty days to file a § 2255 motion. Taylor filed the instant § 2255 motion on May 6, 2011.

## II. ANALYSIS

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was entered in this case on March 12, 2007. The judgment became final on March 26, 2007, upon the

expiration of the ten-day period for filing a notice of appeal.[1]  Taylor had one year, or until March 26, 2008, in which to timely file a motion under § 2255.  For purposes of calculating the timeliness of the motion, the Court will consider the § 2255 motion as filed on the date Taylor initiated his Federal Rule of Civil Procedure 60(b) motion, January 11, 2011.[2]  Accordingly, Taylor's motion was filed more than two years and nine months after the statute of limitations expired.  Under § 2255(f), Taylor's action is time-barred and subject to summary dismissal.

Because § 2255's one-year statute of limitations is not jurisdictional, however, it is subject to equitable tolling.  *Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) (citing *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001)).  The doctrine, however, should be applied "sparingly," and the movant "bears the burden of demonstrating that he is entitled to equitable tolling." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations omitted).  A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, -- U.S. --, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Absent such a showing "a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quotation omitted).

---

[1] At the time Taylor was sentenced, the appeal period was ten days, see Fed. R. App. P. 4(b) (eff. Dec. 1, 2005), and the intermediate weekends and legal holidays were not counted in the computation. *See* Fed. R. App. P. 26(a)(2) (eff. Dec. 1, 2002).  Effective December 1, 2009, the appeal period is now fourteen days. *See* Fed. R. App. P. 4(b)(1)(A).

[2] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

In response to the Court's Show Cause Order, Taylor states that his guilty plea is void and unenforceable and that the statute of limitations should therefore not apply. It is not clear from Taylor's response or from his § 2255 motion when, or if, he discovered the one-year limitations period for filing a § 2255 motion. While Taylor complains about the events that led up to his guilty plea, he fails to show why, other than through ignorance of the law, he was hindered in his ability to file this motion before the one-year deadline. The Sixth Circuit has consistently recognized that ignorance of the law does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) (explaining in a direct criminal appeal case that "[t]o allow an ignorance of the law excuse would encourage and reward indifference to the law"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding "that, while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer"). And based on the Antiterrorism and Effective Death Penalty Act's "clear provisions regarding the statute of limitations, [a movant] cannot claim a lack of constructive knowledge regarding the filing deadline." *Allen*, 366 F.3d at 403.

Moreover, Taylor fails to say what steps he took to pursue his rights diligently during the time in which the statute of limitations expired. In fact, the docket sheet shows that Taylor took no action in this case between July 12, 2007, when the Court denied his motion seeking to adjust his federal time, and January 19, 2011, when he filed the Federal Rule of Civil Procedure 60(b) motion, a period of more than three and a half years. Moreover, although Taylor argues that the statute of limitations should not apply because his plea agreement is void, this argument has no

4

legal authority. *See Makic v. Smith*, No. 4:07CV1577AGF, 2010 U.S. Dist. LEXIS 78438, at *5 (E.D. Mo. Aug. 4, 2010) (holding argument that plea agreement is void is no basis for application of equitable tolling); *Leyva v. Schriro*, No. CV04-1871-PHX-SRB, 2006 U.S. Dist. LEXIS 37901, at *2 (S.D. Tex. Aug. 24, 2009) (rejecting petitioner's argument that "because his . . . plea agreements should be considered null and void that somehow he should not be subject to the one-year statute of limitations" for a § 2254 petition).

For the foregoing reasons, the Court concludes that Taylor has failed to demonstrate that his § 2255 motion is timely under the applicable statute and has failed to allege facts warranting equitable tolling. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Taylor appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* at 484. In such a case, no appeal

5

is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: August 3, 2011

Charles R. Simpson III, Judge
United States District Court

cc: Shon Patrick Taylor, *pro se*
United States Attorney
4411.010